No. 25-3727

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

NEWSOM, et al.,

*Plaintiffs-Appellees*,

v.

TRUMP, et al.,

*Defendants-Appellants*

_____

On Appeal from the United States District Court
for the Northern District of California, No. 3:25-cv-04807-CRB

_____

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
CALIFORNIA CONSTITUTION SCHOLARS IN SUPPORT OF
APPELLEES AND AFFIRMANCE**

_____

David A. Carrillo (carrillo@law.berkeley.edu)
Brandon V. Stracener (bvstrac@gmail.com)
University of California, Berkeley School of Law
#7200
Berkeley, CA 94720-7200
(510) 664-4953

*Amicus Curiae California Constitution Scholars*

Non-parties David A. Carrillo and Brandon V. Stracener (collectively, amicus "California Constitution Scholars") move for leave of Court under Federal Rule of Appellate Procedure 29(a)(2) to appear as *amicus curiae* and file the accompanying Brief of *Amicus Curiae* California Constitution Scholars in Support of Appellees and Affirmance (the "Brief").

Under Circuit Rule 29-3, Amicus has endeavored to obtain the consent of all parties to the filing of the Brief before moving the Court for permission to file the Brief. Plaintiffs-Appellees consent to the filing of the Brief. Although Defendants-Appellants had consented to an earlier version of this brief filed in the lower court and state that they "would have consented to a timely amicus brief," Defendants-Appellants now oppose the Brief now based on the unsupported position that the Brief "is no longer timely," as well as the objection that Defendants-Appellants "would be prejudiced by having to respond to an untimely brief given the highly expedited stay briefing schedule."

Although Amicus appreciates Defendants-Appellees' concerns about the expedited briefing schedule, their position is incorrect — the Brief is timely. This Court's order (DktEntry 10.1) required that "[t]he response to the emergency motion" was due on June 15, 2025 at 9:00 AM PDT. But that timing applied to the opposing parties' response, not "any" response or response(s) by amici.

-1-

Here, Amicus made its request for consent within 62 minutes after the filing of the Response by the party that the Brief supports (and within one hour of the response deadline). Normally, an amicus must file its brief "no later than 7 days after the principal brief of the party being supported is filed." FED. R. APP. 29(a)(6). An amicus filing its brief after the brief of the party it supports allows the amicus time to eliminate (or at least reduce) redundancy with party briefing, to the benefit of the Court and all parties. Thus, waiting for the principal brief to be filed, then reviewing that brief quickly and seeking consent for filing is the proper course of events. That is what occurred here.

Moreover, all parties and the Court will have received this motion and brief fewer than 24 hours from the filing of Plaintiffs-Appellees' response, before Defendants-Appellants' optional reply deadline, and more than a day before hearing on the emergency motion. Given the similarity of the earlier brief by Amicus in the lower court and the expedited briefing schedule for this motion, the conduct of Amicus is timely and the prejudice to parties is minimal.

Based on the below explanation of the identity and interest of Amicus, required statement under FED. R. APP. 29(a)(4)(E), and Argument explaining the value of the Brief to the Court, Amicus has met the requirements of FED. R. APP. 29(a)(3) and hereby requests the Court grant leave to file the accompanying Brief.

## IDENTIFY AND INTEREST OF AMICUS CURIAE

Amicus are California constitution and state constitutional law scholars who seek to aid this Court in resolving the issues of state sovereignty and federalism presented here. We are academics affiliated with the California Constitution Center (David A. Carrillo is executive director and Brandon V. Stracener is a senior research fellow), a nonpartisan academic research center at the University of California, Berkeley, School of Law. The University of California is not party to this brief, and our academic titles are for identification only.

This brief will assist the Court by addressing the core issue: federalizing a state militia is lawful only when conditions set by Congress are met, and a president exceeds his powers in attempting to federalize a state militia over a governor's objection without meeting those conditions.

## STATEMENT UNDER FED. R. APP. 29(a)(4)(E)

Consistent with Federal Rule of Appellate Procedure 29(a)(4)(E), Amicus certifies that no party or counsel for any party has authored the Brief, participated in its drafting, or made any monetary contributions intended to fund preparation or submission of the Brief.

## ARGUMENT

This Court has "broad discretion" to grant leave for an *amicus curiae* to appear and file a brief. *Foothill Church v. Watanabe*, 623 F. Supp. 3d 1079, 1084

-3-

(E.D. Cal. 2022) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). "'An amicus brief should normally be allowed'" when "'[1] the amicus has unique information or perspective'" that "'[2] can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (cleaned up) (citing *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). *See also Arena v. Intuit Inc.*, No. 19-CV-02546-CRB, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020) (Breyer, J.) (granting motion to file an amicus brief based in part on relevance of amici's perspective and amici litigating claims that overlapped with plaintiffs' claims); *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (explaining that there are "no strict prerequisites" to qualify as amicus and that courts generally have "'exercised great liberality' in permitting amicus briefs") (citation omitted).

    First, Amicus has unique information and perspective because they are California constitution scholars who have studied, researched, and written on the California constitution and the constitutional relationship between federal and state government.

    Second, Amicus can help the Court because Amicus can provide specific insights on the conditions for federalizing a state militia and the ability of the president to do so over a state governor's objection.

## CONCLUSION

Amicus California Constitution Scholars respectfully requests leave to appear as *amicus curiae* and file the accompanying Brief.

DATED: June 16, 2025          Respectfully,

                               */s/ Brandon V. Stracener*

                               David A. Carrillo (State Bar # 177856)
                               Brandon V. Stracener (State Bar # 314032)
                               Amicus California Constitution Scholars

## CERTIFICATE OF COMPLIANCE

This motion does *not* exceed the length limit set by FED. R. APP. 27(d)(2)(A).

This brief's type size and typeface comply with FED. R. APP. P. 27(d) because this brief has been prepared in proportionally spaced typeface using size-14, Times New Roman font in Microsoft Word.

DATED: June 16, 2025

> By: */s/ Brandon V. Stracener*
>
> David A. Carrillo (State Bar # 177856)
> Brandon V. Stracener (State Bar # 314032)
> Amicus California Constitution Scholars

## CERTIFICATE OF SERVICE

I, Brandon V. Stracener, hereby certify under Ninth Circuit Rule 25-5(f)-(g) that I electronically filed the foregoing motion (and its accompanying brief) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing System. Participants in the case are registered users of the electronic filing system, and service will be accomplished by this system.

DATED: June 16, 2025

By: */s/ Brandon V. Stracener*

David A. Carrillo (State Bar # 177856)
Brandon V. Stracener (State Bar # 314032)
Amicus California Constitution Scholars