No. 25-3727

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

NEWSOM, et al.,
*Plaintiffs-Appellees*,

v.

TRUMP, et al.,
*Defendants-Appellants*

_____

On Appeal from the United States District Court
for the Northern District of California, No. 3:25-cv-04807-CRB

_____

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* BLUE EAGLE COALITION IN SUPPORT OF APPELLANTS AND REVERSAL**

_____

Andrew G. Watters (CA #237990)
Andrew G. Watters, Esq.
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
+1 (650) 542-0057,800
andrew@watters.law

Attorney for Amicus Curiae Blue Eagle Coalition,
an unincorporated association

1

Non-party Blue Eagle Coalition, an unincorporated association ("Amicus")[1], is a small, private group of concerned attorneys who, while not necessarily agreeing with the President, nevertheless support his position for the reasons stated in the proposed amicus brief: (1) when a State-licensed attorney is faced with a conflict between State law and Federal law, the attorney should have an obligation to favor Federal law under the Supremacy Clause; (2) on the merits, the President has the sole discretion to determine whether he needs to call up the National Guard and/or use active duty forces to support the Federal government.

Under Circuit Rule 29(a)(6), leave is sought to file the brief as a principal brief in support of the U.S. government's position in its emergency motion, within the 7 days required under the rule, and alternatively, under Rule 29(a)(7), leave is sought to file the brief as a reply brief. The brief is clearly labeled with sections regarding the principal brief, as well as the proposed reply, for clarity.

Under Circuit Rule 29-3, Amicus sought the consent of all parties to the filing of the Brief before moving the Court for permission to file the Brief. As of

---

[1] The disclosure statement required under FRAP Rule 29.1 has been contemporaneously filed, as well as the filing attorney's oath of admission to this Court, which deems him admitted as of the filing under Circuit Rule 46 and guidance issued thereunder by this Court.

2

the filing, neither party had responded to the request,[2] although Appellants had consented in the District Court to that amicus brief, with Appellees responding that they took no position on the request.

Consistent with Federal Rule of Appellate Procedure 29(a)(4)(E), Amicus certifies that no party or counsel for any party has authored the Brief, participated in its drafting, or made any monetary contributions intended to fund preparation or submission of the Brief.

This Court has "broad discretion" to grant leave for an *amicus curiae* to appear and file a brief. *Foothill Church v. Watanabe*, 623 F. Supp. 3d 1079, 1084 Case: 25-3727, 06/16/2025, DktEntry: 22.2, Page 4 of 8 (E.D. Cal. 2022) (citing Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982)). "'An amicus brief should normally be allowed'" when "'[1] the amicus has unique information or perspective'" that "'[2] can help the court beyond the help that the lawyers for the parties are able to provide.'" Id. (cleaned up) (citing Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). See also Arena v. Intuit Inc., No. 19-CV-02546-CRB, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020) (Breyer, J.) (granting motion to file an amicus brief

---

[2] In fairness, the request was made on the morning of the due date for the reply brief, shortly after the filing attorney submitted his Oath for admission to this Court.

based in part on relevance of amici's perspective and amici litigating claims that overlapped with plaintiffs' claims); California by & through Becerra v. United States Dep't of the Interior, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (explaining that there are "no strict prerequisites" to qualify as amicus and that courts generally have "'exercised great liberality' in permitting amicus briefs") (citation omitted).

 Amicus here has a unique perspective in that it consists of practicing civilian attorneys who are faced with conflicts between State and Federal duties in this type of case, and this is an important question that implicates all attorneys in the United States because attorneys are licensed by the States with Oaths to uphold both State and Federal law. Secondarily, if the courts allow State-licensed attorneys to undermine Federal law and the U.S. government, when civilian attorneys are not allowed to do so, this presents a risk of a double standard and violates the law of equal protection. The standard under Rule 29(a)(3)(A) is met; pursuant to Rule 29(a)(3)(B), the reason why the brief is desirable and relevant is that this Court is deciding the scope of an attorney's duty in a case of this type, which impacts all attorneys.

//

//

Date: June 16, 2025

*Andrew G. Watters*
_____

Andrew G. Watters, Esq. (CA #237990)

Attorney for Amicus Curiae Blue Eagle Coalition, an unincorporated association

## CERTIFICATE OF COMPLIANCE

This motion does *not* exceed the length limit set by FED. R. APP. 27(d)(2)(A).

This brief's type size and typeface comply with FED. R. APP. P. 27(d) because this brief has been prepared in proportionally spaced typeface using size 14, Times New Roman font in Microsoft Word.

Date: June 16, 2025

*Andrew G. Watters*
_____
Andrew G. Watters, Esq. (CA #237990)

Attorney for Amicus Curiae Blue Eagle Coalition, an unincorporated association