# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GAVIN NEWSOM, In his official capacity as Governor of the State of California and STATE OF CALIFORNIA,

    Plaintiffs - Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; et al.,

    Defendants - Appellants.

No. 25-3727

June 24, 2025

D.C. No. 3:25-cv-04870-CRB Northern District of California, San Francisco

---

## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE MARTIN AKERMAN, CHIEF DATA OFFICER (44 U.S.C. § 3520) OF THE NATIONAL GUARD BUREAU (10 U.S.C. § 10501) IN SUPPORT OF APPELLEES

Pursuant to Federal Rule of Appellate Procedure 29(b), prospective amicus curiae Martin Akerman respectfully moves for leave to file the accompanying brief in support of Plaintiffs-Appellees. Counsel for Appellees has consented to this filing. Counsel for Appellants has stated they take no position on this motion.

9th Cir. Case No 25-3727                                                                                                   Page 2

## IDENTITY AND INTEREST OF AMICUS CURIAE

Amicus curiae Martin Akerman is the tenured Chief Data Officer of the National Guard Bureau and the pro se petitioner in Akerman v. The Nevada National Guard, et al., Case No. 2:24-cv-01734-RFB-DJA (D. Nev.). Mr. Akerman is also a frequent pro se litigant before this Court, having appeared in four other matters in the past year:

- Akerman v. Merit Systems Protection Board, No. 24-6975 (Open);

- Akerman v. Kerner, et al., No. 25-1002 (2:24-cv-01602-GMN-DJA (D. Nev.));

- Akerman v. Merit Systems Protection Board, No. 24-6641 (Rehearing); and

- Akerman v. Warden, No. 24-6166.

Mr. Akerman's own litigation challenges the executive branch's use of federalized National Guard troops under the same statute at issue here, 10 U.S.C. § 12406, to carry out domestic law enforcement functions against him as an alleged act of reprisal for protected whistleblowing.

Mr. Akerman's interest is therefore direct and substantial. The central legal questions in this appeal—including the scope of judicial review for a federalization order, the applicability of the Posse Comitatus Act, and the viability of a bad-faith exception to executive deference under Sterling v. Constantin—are central to his own case. The Court's resolution of these issues will directly shape the legal framework governing his ability to seek redress for the alleged violations of his rights.

9th Cir. Case No 25-3727　　　　　　　　　　　　　　　　　　　　　　　Page 3

## REASONS WHY AN AMICUS BRIEF IS DESIRABLE AND RELEVANT

The accompanying brief will aid the Court by providing a unique and essential perspective that will not be duplicated by the parties.

First, the brief offers a concrete, real-world fact pattern that illuminates the outer boundaries of the awesome power granted by 10 U.S.C. § 12406. While the parties will rightly focus on the events in Los Angeles, Mr. Akerman's pending litigation presents a starkly different scenario: the alleged use of this emergency power not to quell a large-scale public disturbance, but to deploy a multi-state military force to detain and punish a single American citizen. This example moves the analysis of potential abuse from the hypothetical to the actual, providing a powerful cautionary tale about the dangers of unchecked executive authority.

Second, the brief focuses squarely on the two critical issues this Court expressly left unresolved in its stay order: (1) whether the President's invocation of § 12406 was an act of bad faith under the exception articulated in Sterling v. Constantin, 287 U.S. 378 (1932); and (2) whether the subsequent conduct of the federalized troops violated the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385. Mr. Akerman's case, which alleges a pretextual use of military power to conduct what amounts to a law enforcement action, provides a compelling factual predicate for analyzing both of these reserved questions.

By grounding the abstract legal questions in a tangible, documented case of alleged overreach, the brief will assist the Court in appreciating the profound importance of judicial review as the ultimate safeguard against the misuse of military power for domestic political or punitive ends.

9th Cir. Case No 25-3727                                                                Page 4

## CONCLUSION

For the foregoing reasons, Martin Akerman respectfully requests that the Court grant this motion and accept for filing the accompanying Brief of Amicus Curiae.

Dated: June 24, 2025

                                          Respectfully submitted,

                                          Martin Akerman
                                          PO BOX 100057
                                          Arlington, VA 22210
                                          (202) 656-5601
                                          makerman.dod@gmail.com