

**Rob Bonta**
*Attorney General*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3917
Facsimile: (415) 703-5480
E-Mail: Christopher.Hu@doj.ca.gov

October 16, 2025

*Via ACMS*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Newsom v. Trump*, No. 25-3727 (Section 12406 Appeal)
Fed. R. App. P. 28(j) Letter re Opinion in *Illinois v. Trump*, No. 25-cv-12174, 2025 WL 2886645 (N.D. Ill. Oct. 10, 2025)

Dear Ms. Dwyer:

    Plaintiffs submit this Rule 28(j) letter to call the Court's attention to a recent opinion addressing the scope of 10 U.S.C. § 12406. In *Illinois v. Trump* (cited above), the district court held that the reference to "regular forces" in Section 12406(3) refers to regular *military* forces. *See* 2025 WL 2886645, at *9-10, 16-20. As the court explained, "numerous statutes from the early 1800s through [the early 1900s] use the word 'regular' or 'regular forces' to distinguish the standing army from the militia." *Id.* at *16; *see also McClaughry v. Deming*, 186 U.S. 49, 56 (1902). The court also reasoned that Section 12406(3) should be construed in light of similar language in the Militia Clauses. *See* U.S. Const. art. I, § 8, cl. 15 (authorizing Congress to "call[ ] forth the Militia to execute the Laws of the Union"). The Framers understood "the 'execute the Laws' portion of the Militia Clause[s]" to apply only in rare circumstances "where the civil power had first failed"—that is, in emergencies where martial law is instituted. *Illinois*, 2025 WL 2886645 at *18 (citing 3 Elliot, The Debates in the Several State Conventions on the Adoption of the Federal Constitution 410 (1836) (statement of Madison)). Although the regular military does not typically execute the laws, it does assume that responsibility under martial law. *Id.* at *18-19.

October 16, 2025
Page 2

      To date, plaintiffs in this case have assumed that "regular forces" in Section 12406(3) refers to civilian law-enforcement personnel. *See, e.g.*, Answering Br. 23-25. But the *Illinois* court's construction represents a reasonable alternative, both as a textual and historical matter. If this Court were to adopt that construction, defendants would plainly fail to satisfy Section 12406(3). As in *Illinois*, they "have made no attempt to rely on the [regular military forces] before resorting to federalization of the National Guard." 2025 WL 2886645, at *18. Nor could defendants show that there was any appropriate basis for deploying regular military forces. Martial law had certainly not been instituted in Los Angeles on June 6-7. *Cf. Ex parte Milligan*, 71 U.S. 2, 121 (1866) ("the courts are open and their process unobstructed").

                                                       Sincerely,

                                                       *s/ Christopher D. Hu*

                                                     CHRISTOPHER D. HU
                                                     Deputy Solicitor General

                                      For    ROB BONTA
                                                     Attorney General