

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 353-2689

October 16, 2025

**Via CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      RE: *Newsom v. Trump*, No. 25-3727

Dear Ms. Dwyer:

      The federal government writes in response to plaintiffs' October 16, 2025 letter purporting to update the Court on "a recent opinion addressing the scope of 10 U.S.C. § 12406." In particular, plaintiffs discuss an interpretation of the statutory phrase "regular forces" in *Illinois v. Trump*, No. 25-cv-12174, 2025 WL 2886645 (N.D. Ill. Oct. 10, 2025). That district court interpreted the "regular forces" to mean the regular military forces, such that the President cannot call up the National Guard unless he has tried (and failed) to enforce the laws using the regular military forces, like the Army and Navy. *See id.* at *18.

      Plaintiffs' letter is a thinly veiled attempt to revive forfeited arguments on the eve of oral argument. This case has seen extensive briefing, and plaintiffs have not once asked this Court to interpret the "regular forces" in this way. They cannot inject that issue into the case now, less than a week before argument, under the guise of a notice of supplemental authority. *E.g.*, *United States v. Kurns*, 129 F.4th 589, 599 (9th Cir. 2025).

      In any event, the Illinois district court misinterpreted the phrase "regular forces," as defendants have already explained to the Seventh Circuit on appeal. Motion for Emergency Stay, *Illinois v. Trump*, No. 25-2798 (7th Cir. Oct. 10, 2025), ECF No. 6 at 15-16. Not even the plaintiffs in the *Illinois* case offered such an interpretation. And for good reason. It is most natural to read the "regular

forces" in Section 12406 as the ordinary forces that "execute the laws"—*i.e.*, federal law-enforcement personnel. Military forces, in contrast, do not regularly "execute the laws." Indeed, Congress has generally made it illegal for them to do so. 18 U.S.C. § 1385. And when President Nixon deployed the National Guard to deliver the mail, he made no finding that the military was unable to accomplish that task.

Regardless, even if plaintiffs correctly interpret the "regular forces" phrase, the President implicitly made such a finding when he ordered federalization of the Guard.

Sincerely,

*/s/ J. Kain Day*
J. Kain Day

cc: All counsel (via CM/ECF)