UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAVIN NEWSOM, Governor of California, In his official capacity as Governor of the State of California and STATE OF CALIFORNIA, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; et al., <br><br> Defendants - Appellants. | No. 25-3727 <br><br> D.C. No. 3:25-cv-04870-CRB Northern District of California, San Francisco <br><br> ORDER |

Before: BENNETT, MILLER, and SUNG, Circuit Judges.

Plaintiffs-Appellees filed the present Motion for Injunctive Relief because "the district court has concluded that it lacks jurisdiction over requests for renewed injunctive relief while the appeal before this Court remains pending." It is true that the pending interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But "an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the

case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Thus, the district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).

Plaintiffs' challenge to Secretary Hegseth's August 5 order extending the California National Guard's federalization through November 5 is not the subject of this appeal. Nor is it the subject of the appeal in case number 25-5553. The district court therefore has jurisdiction over Plaintiffs' challenge to the August 5 extension order. Accordingly, the Motion for Injunctive Relief (Dkt. No. 126) is **DENIED** as unnecessary.